IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE SCHARF | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE BLACKSTONE GROUP L.P., et al | : | NO.  13-4089 |

### MEMORANDUM

ELIZABETH T. HEY, U.S.M.J.                                                                                May 4, 2015

In this negligence action, Plaintiff Diane Scharf ("Plaintiff") brought suit against multiple defendants ("Defendants") seeking damages arising from an incident which occurred on July 14, 2011, when Plaintiff tripped and fell on a sewer grate outside the entrance of the Hilton Garden Inn in Allentown, Pennsylvania.  Doc. 1.  Presently before the court is Defendants' Motion for Jury Trial and response in opposition thereto.  Docs. 36 & 37.  For the reasons that follow, Defendants' motion will be denied.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff commenced the present lawsuit on July 15, 2013, and it was initially assigned to the Honorable Mary A. McLaughlin.  Doc. 1.  Judge McLaughlin held a Rule 16 Scheduling Conference with counsel on October 2, 2013, and thereafter consolidated this case with a prior Complaint filed by Plaintiff and docketed at 13-3930, which had omitted one of the defendants and never been served.  Doc. 9.  The parties acknowledge that Plaintiff did not request a jury trial in the Complaint or Civil Cover Sheet for either 13-3930 or 13-4089, nor did Defendants request a jury trial in their answer.  Docs. 1 & 10.

In the Order consolidating the cases, Judge McLaughlin also referred the matter to the undersigned for a settlement conference.  Doc. 9.  I thereafter held an in-person conference on August 22, 2014, and a telephonic conference on September 10, 2014.  Docs. 8, 15 & 18.  Judge McLaughlin denied Defendants' motion for summary judgment on February 5, 2015, and the parties subsequently consented to my jurisdiction on March 13, 2015.  Docs. 24 & 31.

During a teleconference held on March 23, 2015, both counsel seemed surprised that a jury trial had not been requested in this matter, which strongly suggests that both sides were proceeding on the assumption that this case would be tried by jury.[1]  As a result, the Scheduling Order issued later in the day instructed any party wishing to have a jury trial to formally request same on or before April 3, 2015.  Doc. 33.  When Defendants made such a request in the form of letter demand, I issued an Order dated April 8, 2015, instructing Defendants to convert the jury demand into a motion pursuant to Federal Rule of Civil Procedure 39(b).  Doc. 35.  Defendants subsequently filed a motion for jury trial, to which Plaintiff filed a response in opposition.  Docs. 36 & 37.

## II.  DISCUSSION

Federal Rule of Civil Procedure Rule 38 provides that any party may demand a trial by jury "[o]n any issue triable of right by a jury" by serving the other parties with a written demand "no later than 14 days after the last pleading directed to the issue is served," and by properly filing the demand.  Fed. R. Civ. P. 38(b).  The Rule further

---

[1]This assumption is further suggested by the fact that the parties had consented to my jurisdiction after I had conducted settlement negotiations.

2

provides that "a party waives a jury trial unless its demand is properly served and filed." Id. 38(d). However, Rule 39 provides that, when no jury demand is made, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

The decision whether to grant a Rule 39(b) motion for jury trial rests with the sound discretion of the trial court. See United States S.E.C. v. Infinity Group Co., 212 F.3d 180, 195 (3d Cir. 2000) (denial of jury trial request reviewed for abuse of discretion).[2] The Third Circuit has set forth the following five factors for a court to consider when ruling on a motion for jury trial:

> 1) whether the issues are suitable for a jury; 2) whether granting the motion would disrupt the schedule of the Court or the adverse party; 3) whether any prejudice would result to the adverse party; 4) how long the party delayed in bringing the motion; and 5) the reasons for the failure to file a timely demand.

Id. at 195-96 (quoting Fort Washington Res., Inc. v. Tannen, 852 F.Supp. 341, 342 (E.D. Pa. 1994)).

In its motion for jury trial pursuant to Rule 39(b), Defendants argue that both counsel had been proceeding under the assumption that a jury trial had been requested, as evidenced by the Case Status Reports submitted to Judge McLaughlin in anticipation of her Rule 16 Scheduling Conference in which both parties indicated that this was a jury trial. Doc. 36 at 6 (ECF pagination). Defendants also point to Judge McLaughlin's

---

[2]Although the language of Rules 38 and 39 were amended in 2007, the amendments were intended to be stylistic only. See Fed. R. Civ. P. 38 & 39 (Advisory Comm. Notes).

Order denying Defendants' summary judgment motion, in which the judge stated that the evidence "would allow a reasonable jury to decide for the plaintiff." Id. at 7 (Order at Doc. 24 & Doc. 36 Exh. B). In her reply, Plaintiff counters that under Third Circuit precedent, mere negligence and/or inadvertence of counsel is not a basis to grant a Motion pursuant to Rule 39(b). Doc. 37 at 10. More importantly, Plaintiff includes an affidavit from Ruth E. Ganister, Esquire, Plaintiff's former counsel who filed the complaint on Plaintiff's behalf, in which Ms. Ganister states that the decision not to request a jury trial was tactical based on Plaintiff's place of residence (Massachusetts) and difficulty traveling to and staying in Pennsylvania. See Ganister Aff. ¶¶ 3-4 (Doc. 37 Exh. B). I will discuss these arguments in the context of the Infinity Group factors.

### A.   Whether the Issues are Suitable for a Jury

The first Infinity Group factor is whether the issues presented in the case are suitable for a jury. As a negligence case, the issues are clearly suitable for a jury trial. See, e.g., Tannen, 852 F.Supp. at 342 (contract and negligence-based claims are among those equally triable before a jury or the court). Therefore, this factor weighs in favor of granting Defendants' motion for jury trial.

### B.   Whether Granting the Motion Would Disrupt the Schedule of the Court of the Adverse Party

The second factor is whether granting the motion would disrupt the court's schedule or that of an adverse party. Pursuant to the Scheduling Order entered on March 23, 2015, this matter has a trial date certain of September 28, 2015, which would remain

the same whether the matter is tried as a bench trial or a jury trial. Doc. 33. Therefore, this factor also weighs in favor of granting Defendants' motion for jury trial.[3]

### C. Whether any Prejudice Would Result to the Adverse Party

The third Infinity Group factor is whether granting the motion would result in any prejudice to the adverse party. In her affidavit in opposition to the motion, Ms. Ganister explains that the decision not to request a jury trial was tactical insofar as Plaintiff resided in Massachusetts and would find it physically and financially difficult to travel to and stay in Pennsylvania for the duration of a jury trial. See Ganister Aff. ¶¶ 3-4 (Doc. 37 Exh. B). Although Plaintiff's current counsel has proceeded on the assumption that a jury trial had been demanded, Plaintiff's original counsel did not request a jury for tactical reasons – and those reasons are presumably still valid, given Plaintiff's current opposition to Defendants' motion. As a result, excusing opposing counsel's failure to demand a jury trial would prejudice Plaintiff, notwithstanding her current counsel's erroneous assumption that a jury trial had been demanded. I therefore find that this factor weights very strongly against granting the motion.

### D. How Long a Party Delayed in Bringing the Motion

The fourth Infinity Group factor concerns the amount of time which has passed since the commencement of suit before a party files a Rule 39(b) motion. This factor is listed independently of the prejudice factor, thus implying that the question of how much

---

[3] Denying the motion will disrupt the schedule of the Court insofar as the matter will need to be reassigned to a different magistrate judge. However, the Infinity Group factor concerns only whether granting the motion would do so.

5

time has passed is to be considered regardless of the prejudicial effect of the late motion for a jury.

Here, defense counsel concedes that it was not until a scheduling conference held on March 20, 2015, that he became aware of the fact that a jury trial had not been requested in Plaintiff's initial filings.  Doc. 36 at 6 (ECF pagination).  In other words, counsel for the moving party first became aware that no jury trial had been demanded twenty months after the suit was commenced in July 2013, well after the completion of discovery, and after Judge McLaughlin's disposition of Defendants' summary judgment motion.  I find this delay to be substantial.  See, e.g., Lee v. Boyle-Midway Household Prods., Inc., 785 F. Supp. 533, 536 (W.D. Pa. 1992) (Rule 39(b) motion denied where counsel did not seek a jury for more than a year after removal of the action and counsel provided no explanation for the delay).  Therefore, this factor weighs against granting the motion.

### E. The Reasons for Failing to File a Timely Demand

The final Infinity Group factor is the reasons advanced by counsel to explain the delay in requesting a jury trial.  As previously noted, Defendants acknowledge that the failure to request a jury trial was an oversight.  By way of explanation, defense counsel notes that counsel for both parties assumed the matter would be tried by a jury as evidenced by the Case Status Reports submitted to Judge McLaughlin, and Judge McLaughlin's Order denying Defendants' summary judgment motion in which she stated that the evidence "would allow a reasonable jury to decide for the plaintiff."  Doc. 36 at 6, 7; Exh. B.

As Plaintiff's argue in their response to the motion, Doc. 37 ¶ 13, the language contained in Judge McLaughlin's Order must be read in the context of a summary judgment motion in which governing case law differentiates disputed issues of fact to be tried by the factfinder (usually a jury), with issues that may be decided by the court as a matter of law.  Neither the parties nor the court were addressing whether the court or jury would be the factfinder.  Thus, Judge McLaughlin's language is not determinative of the question of whether a jury trial had been granted previously or should be granted now.

Oversight remains the only basis for failing to seek a jury trial earlier in the case.  Generally, "mere inadvertence or oversight of counsel in failing to timely demand [a jury trial] does not justify granting relief from the waiver." Lee v. Boyle-Midway Household Prods., Inc., 785 F. Supp. 533, 535 (W.D. Pa. 1992); Plummer v. Gen. Elec. Co., 93 F.R.D. 311, 313 (E.D. Pa. 1981).  "To sanction [a party's] omission would invite disregard of procedural requirements in all of the Rules . . . and prejudice the opposing party by injecting an unnecessary element of uncertainty into trial strategy and preparation." Lee, 785 F. Supp. at 535 (quoting Bank Bldg & Equip. Corp. of America v. Mack Local 677 Fed. Credit Union, 87 F.R.D. 553, 555 (E.D. Pa. 1980)).

There is no indication that Defendants filed their motion for jury trial late to gain a tactical advantage, or for any improper reason.  Instead, the reason for the delay appears to be precisely the sort of inadvertent error which the courts generally do not excuse in the context of a Rule 39(b) motion, particularly after the passage of so much time.  In addition, however, Plaintiff's former counsel has provided an affidavit explaining that the decision not to seek a jury trial was a tactical decision.  On balance, therefore, I find that

Plaintiff's reason for not filing a jury demand trumps Defendants' reasons for failing to file a timely demand of their own. Accordingly, the motion will be denied. An appropriate Order follows.[4]

---

[4]In light of the fact that I oversaw settlement discussions prior to the consent referral, Defendants request that the matter be reassigned to a different magistrate judge in the case of a bench trial. I will address this request by separate Order.